(42 App. Div. 333.)

### DAVIS v. SMITH.

(Supreme Court, Appellate Division, Third Department. July 6, 1899.)

CONTRACTS—MUTUALITY.

 Where defendant, having become owner of a creamery which had been corporate property, continued to carry on the business in the corporate name, and contracted with plaintiff under that name, plaintiff cannot repudiate the contract after performance on his part, on the ground that it was not defendant's contract, as both parties knew that defendant intended to bind herself.

Appeal from Sullivan county court.

Action by John F. Davis against Henry Smith, trustee under the will of Anna R. Kling, deceased, brought in justice's court, where judgment was recovered by plaintiff. On appeal to the county court, judgment was directed for plaintiff, and defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, and MERWIN, JJ.

James E. Kelly, for appellant.
John F. Anderson, for respondent.

LANDON, J. The complaint alleges and the answer admits that the plaintiff sold and delivered to the defendant's testatrix the milk in question. The delivery was in February and March, 1892. The plaintiff alleges that the milk was reasonably worth $2\frac{1}{4}$ cents per quart. The defendant alleges that it was sold and delivered under a contract covering the year from April 1, 1891, to April 1, 1892, and that by the terms thereof the defendant is entitled to credit for overpayments made to plaintiff for the milk delivered in the months previous to February and March, 1892. The general term, upon a former appeal, held that the defendant's contention as to the terms of the contract was right. 77 Hun, 598, 28 N. Y. Supp. 1026.

Upon the new trial, the court, after the contract had been received in evidence, struck it out, and thus deprived the defendant of his defense. Exception was duly taken to this ruling of the court. The ground for striking it out appears to have been that the contract was made with a corporation, and not with the defendant's testatrix. The undisputed evidence is to the effect that the defendant's testatrix carried on her creamery at which the plaintiff delivered the milk under

the name of the "Orange & Sullivan County Milk Association"; that there was or had been a corporation of that name of which her late husband was the president, and that upon his death she became the owner or proprietor of the creamery and business, and continued it under the same name; that under such name her agent made the contract in question with the plaintiff and the other patrons of the creamery. As the plaintiff was in no wise misled by the name in which defendant's testatrix contracted with him, he cannot repudiate his contract with her after he has performed it on his part. Goodsell v. Telegraph Co., 130 N. Y. 430, 29 N. E. 969. To hold that the plaintiff can make the defendant pay for the milk at the plaintiff's price, instead of that expressed in the contract, simply because the defendant's testatrix used a corporate instead of her individual name in binding herself, when both parties understood that she intended thereby to bind herself, would be unjust. Instead of giving effect to the intention of the parties, it would violate it. The defendant does not seek to escape the obligation of the contract. The plaintiff testifies that he signed the contract at the office of the creamery, Mr. Stiles, the agent of the defendant's testatrix in running the creamery, presenting it for his signature, the plaintiff at the time supposing him to be such agent, and that, after signing it, he delivered the milk.

For the error in striking out the contract the judgment must be reversed, and a new trial granted; costs to abide the event. All concur.